Mark Buckingham *v.* Matilda H. Carter.

---

MARK BUCKINGHAM, Administrator of EMANUEL HAHN, Deceased *v.* MATILDA H. CARTER, Administratrix of HANNAH HAHN, Deceased.

(No. 140.)

1. The husband must reduce the wife's choses in action into possession during her life-time, or they will go to her personal representatives.
2. The receipt of interest, or of a part of the principal, by the husband, during coverture, is not such a reduction. Nor does the recovery of a judgment upon a note belonging to the wife, in a suit brought by husband and wife, vest the right in the husband. If it is not collected in his lifetime, it survives to the wife.

GENERAL TERM.—The defendant in error filed her petition in special term, setting forth that Hannah Hahn, her in-

testate, while covert with Emanuel Hahn, the intestate of the plaintiff in error, was possessed, in her right, of a promissory note, for one thousand dollars, given to and held by her before her marriage, and was her separate property; that, after her marriage, suit was brought upon the note, in the name of her husband and herself, and judgment recovered against the makers for the amount due and costs; that, after the recovery of the judgment, and before execution, the wife died, leaving the present administratrix and two other sisters, and one niece, her heirs at law. After her death, her husband procured to be issued, in his own name, as survivor, a writ of *scire facias* to revive the judgment, which action, it was alleged in the petition, was then pending in the court of common pleas of Hamilton county. Since the return of that writ the husband has died.

It is further stated that the husband received, in his life-time, the interest due upon the note, till February, 1851, and three hundred dollars, on account of the principal.

On the case thus made, the administratrix of the wife claims judgment, as the legal representative of her sister, and asks the aid of the court to secure to her the benefit thereof.

The answer admits the several allegations of the petition, but sets forth, in addition, that an agreement was made in the life-time of Mrs. Hahn, between her husband and the maker of the note, by which, in consideration of the payment of interest to him, further time was given the debtors to pay it; that he placed the note in the hands of counsel for collection, and took a receipt in his own name, which, it is stated, was delivered to him, by his wife, to collect and appropriate the proceeds to his own use.

The case was submitted to one of the judges at special term. On the trial testimony was offered to prove that Mrs. H. had requested her husband to collect the note and use the proceeds; that she was in delicate health, and her physicians' bills, to a considerable amount, were paid by him.

Buckingham, the plaintiff in error, who is the administrator of the husband, was sworn as a witness, and testified,

under exceptions as to his competency. The exceptions were sustained, and testimony rejected.

*Tilden, Rairden & Curwen* and *Strait & Hollister*, for plaintiff in error.

*J. L. Minor*, for defendant in error.

STORER, J., delivered the opinion of the court.

The important question to be determined upon the facts is, did the husband, during coverture, obtain the legal ownership of the note, held by his wife? The language of the law, in such a case, is significant. He must have reduced the *chose in action* into *possession*, before he can claim the property by survivorship.

Marriage is but a qualified gift to the husband of the wife's choses in action. If he dies before he has reduced them into possession, the wife, if alive—if not, her personal representatives—will be then entitled to the proceeds. Co. Lit. 351, *a*. Thos. Edition, 3d Vol. 334; 14 Ohio 106, *Curry* v. *Fulkinson's Executors.*

This is the universal principle; and the rule is equally well defined by which we may ascertain whether such a reduction into possession has taken place.

It is settled that a mere intention, on the part of the husband, to control his wife's choses in action, confers no exclusive right to the thing itself; nor will an appropriation of the fund it represents, unless it is absolute and unconditional, change the property. 5 Vesey, 515, *Blount* v. *Bestland.*

Nor will the transfer, by the husband, of stock standing in the wife's name, be regarded as defeating her right. *Wildman* v. *Wildman*, 9 Ves. 174.

We suppose we may properly class under these examples, all the acts of the husband in the case before us, indicating an intention to claim the note as his own, his receipt of the interest, as well as a part of the principal debt. These are all

consistent with the idea that the wife still retained the ownership.

As in *Hart* v. *Stephens*, 6 Adolphus & Ellis Q. B. 937, where it was held, if the husband received the interest on a note due to the wife before coverture, it did not vest the property of this note in him; but, at his death, it survived to the wife.

It was claimed, however, that the judgment was recovered in the name of the husband and wife against the maker of the note, which judgment was in force when she died; and, subsequent to her death, he sued out, in his own name, the proper legal process to revive it.

We suppose the husband might have brought suit in his own name; and if he had obtained judgment, he would have gained complete ownership over the claim. Not so when the wife is joined as plaintiff in the case; there is then no change of her property, unless the husband shall have received the money, or otherwise satisfied the judgment.

" The naming or not naming of the wife, in an action, is attended with material consequences; for, if she be a party and the husband die after judgment is recovered, the judgment will survive to her, and she will be entitled to her *scire facias;* but if the action is brought by the husband alone, and he die after judgment, his representatives, and not the wife, will be entitled to the benefit of it." Roper on Law of Prop. 209.

The precise question was decided in *Oglander* v. *Baston*, 1 Vernon, 396; so, also, in 3 Atk. 726 anon; 2 P. Wms. 496, *Coppin.* v.———; to use the language in *Nanney* v. *Martin*, 1 Eq. Cases Abridg. 68 : " If Baron and *femme* have a decree for money in the right of the *femme*, and the Baron dies, the benefit of the decree belongs to the *femme*."

This doctrine the English courts have for two centuries held, and still hold.

Lord Hardwicke, in 2 Ves. Sen. 677, *Garforth* v. *Bradley*, examines the cases, and fully affirms the rule. The subsequent cases of *Hornsby* v. *Lee*, 2 Maddock, 352, of *Nash* v. *Nash*, 2 id. 411, and the very thoroughly examined case of *Purdew* v.

*Jackson,* 1 Russell, 2, in which the ancient and modern decisions are referred to, are in strict accordance with the principle we have stated.

The decisions at law are in harmony with those in equity *Gaters* v. *Madeley,* 6 Mees. & W. 423; 12 Mees. & W. 853, *Sherrington* v. *Yates.*

In the United States we can find no exception to the rule, as it prevails in England; it is recognized in 10 Johnson, 48, *Schoonmaker* v. *Elmendorf;* 2 Sergeant & Rawle, 491, *Lodge* v. *Hamilton;* 16 Mass. 480, *Draper, administrator,* v. *Jackson;* 2 Johnson's Ch'y, 132, *McDowl* v. *Charles;* 3 Barbour's Ch'y, 76, *Craig* v. *Craig.*

In Ohio, the question, we suppose, has been settled. Our supreme court, in *Dixon's administrator* v. *Dixon et al.,* 18 Ohio, 113, held:

" That the wife's choses in action may be reduced into possession by the husband during coverture.

1. By obtaining payment.

2. By recovering judgment in his own name.

3. By assignment to third persons, in good faith, for a valuable consideration.

4. By substituting other securities."

We find in this exposition of the law nothing to detract from the authority of any previous adjudications; but, on the contrary, a direct recognition of the rule, that when husband and wife join in an action upon a note due to her, and recover judgment, the benefit survives to her at his death, and if to her, then to her representatives, should she then be dead.

We have examined, with much care, the many reported cases, recognizing and affirming the rule, and traced it to its origin.

We find no limitation or qualification of its import, whenever it has been quoted or affirmed, and we must adhere to the law as it has been always hitherto expounded.

One exception was taken at the trial to the ruling of the

court, in rejecting the evidence of Buckingham, the plaintiff in error.

The judge decided the witness was excluded by the terms of section 313, and we think he committed no error in thus deciding. The witness was within the exception to section 310, and if he had been permitted to testify, a plain rule of law would have been violated.

If, however, his testimony had not been ruled out, it would not avail the administrator of the husband; it proved only intentions expressed by inchoate acts, and did not tend to establish the fact that the note was reduced to his possession.

On the whole case, the judgment of special term is affirmed.

Judgment affirmed.